IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHARLINE C. BROWNING**                                                           **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 2:15-cv-65-KS-MTP**

**JEFFERSON DAVIS COUNTY SCHOOL DISTRICT**                 **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motions for Leave to Proceed *in forma pauperis* [2] [4]. Having considered the Plaintiff's submissions, the undersigned recommends that the Motions [2] [4] be denied and that Plaintiff be directed to pay the filing fee.

Plaintiff, proceeding *pro se*, filed her Complaint along with her first Motion for Leave to Proceed *in forma pauperis* [2]. As the initial IFP application was incomplete and required clarification, the Court directed Plaintiff to file a completed long-form IFP application. *See* Order [3]. In response, Plaintiff filed a long-form IFP application that included income and asset information, and the Court has sufficient information before it to evaluate Plaintiffs' financial status.

In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiffs. "There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. U.S.*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See Barnes v. Secretary, Dept. of Treasury*, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010). The Court must examine the financial

condition of Plaintiffs in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, 2009 WL 3431457 (S.D. Miss. 2009). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Id*. (citing *Willard v. U.S.*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969)).

A review of the financial information submitted reflects that Plaintiff receives $2,147 per month in income. Thus, Plaintiff's annual income is approximately $25,764. Plaintiff lists no dependants.

Some courts have utilized the applicable Department of Health and Human Services poverty guidelines to assess applicants' financial condition.[1] The applicable poverty guideline for a single person household is $11,770 annually.[2] Plaintiff's income far exceeds the poverty level. Plaintiff does not provide a total for her monthly expenses but provides separately listed expenses. The sum of Plaintiff's separately listed expenses is 1,818.71.[3] Plaintiff's total monthly expenses, however, include expenses for recreation and nonrecurring expenses, such as

---

[1] *See*, *e.g.*, *Mann v. City of Moss Point*, 2014 WL 4794544 (S.D. Miss. Sept. 25 2014); *Bruton v. Colvin*, 2014 WL 840993 (N.D. Tex. March 4, 2014); *Nelson v. Louise*, 2011 WL 3648632 (E.D. La. July 27, 2011); *Walker v. University of Texas Medical Branch*, 2008 WL 4873733 (E.D. Tex. Oct. 30, 2008).

[2] *See* Annual Update of the HHS Poverty Guidelines, 80 Fed. Reg. 3236, 3237 (Jan. 22, 2015).

[3] Plaintiff lists $1,371.56 as her monthly expense for motor vehicle insurance. The Court finds this implausible. The Court will consider this expense as a biannual expense, which provides a monthly expense of $228.59.

a car battery. Nonetheless, Plaintiff's expenses do not exceed her monthly income. Additionally, Plaintiff has a total of $1,300 in two checking accounts. Plaintiff owns a home valued at $65,920 and a motor vehicle valued at $2,638.86. Plaintiff's financial status should allow her to pay the filing fee in order to commence this action without undue hardship if given a reasonable amount of time to tender the requisite amount. Under the circumstances presented, Plaintiff should not be permitted to proceed at taxpayer expense.[4]

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motions for Leave to Proceed *in forma pauperis* [2] [4] be DENIED,

2. Plaintiff be given sixty (60) days to pay all of the costs associated with the filing of this lawsuit, and

3. Should Plaintiff fail to timely pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

---

[4] In her initial IFP application, Plaintiff lists a monthly expense of $787.90 for student loans, but she does not include this expense in her second IFP application. Plaintiff does not explain this discrepancy. Courts, however, have denied IFP applications even where the plaintiffs' expenses exceed their income because the plaintiffs had other assets. *See Slaughter v. Vilsack*, 2013 WL 1704909 (M.D. Ga. April 19, 2013).

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 9th day of June, 2015.

                                              s/ Michael T. Parker  
                                              United States Magistrate Judge