**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CHARLINE C. BROWNING**                                           **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 2:15-CV-65-KS-MTP**

**JEFFERSON DAVIS COUNTY SCHOOL DISTRICT**              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Charline C. Browning's ("Plaintiff") Motion for Default Judgment [14]. After considering the record and the applicable law, the Court finds that Plaintiff's motion should be denied.

**I. BACKGROUND**

Plaintiff filed her original Complaint [1] on April 29, 2015, but never served Defendant Jefferson Davis County School District ("Defendant") with a copy. Plaintiff then filed her Amended Complaint [10] on October 5, 2015, and properly served Defendant on December 10, 2015. Defendants' answer was due on or before December 31, 2015. Fed. R. Civ. P. 12. No answer was filed by this date. Therefore, the Clerk properly entered Default [16] on January 26, 2016. *See* Fed. R. Civ. P. 55(a).

In her Amended Complaint [10], Plaintiff claims that she was "discriminated against by the defendant by not interviewing [her] when [she] applied for a teaching position in June, 2013 [sic]." (Amended Complaint [10] at p. 1.) She was told that Defendant would not interview her because her teaching license was set to expire soon. She claims that she was also "retaliated against because [she] had filed previous EEOC complaints from 2008-2013." (Amended Complaint [10] at p. 1.) It is unclear under which legal theory Plaintiff is pursuing her claims as no claims are specified.

## II. DISCUSSION

By their default, Defendants admitted Plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, in addressing a motion for default judgment, the Court accepts the factual allegations of the Complaint [1] as true. The entry of a default, however, "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* In the case at hand, there is no such sufficient basis in Plaintiff's Amended Complaint [10] to justify judgment being entered.

While a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" *Richardson v. Fleming*, 651 F.2d 366, 368 (5th Cir. Unit A July 1981) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1972)), it must still comply with procedural standards. *Payton v. United States*, 550 F.App'x 194, 195 (5th Cir. 2013). To state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required. *Iqbal*,

556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).

Plaintiff's Amended Complaint [10] summarily accuses Defendant of discrimination and retaliation. However, Plaintiff's own allegations contradict her discrimination claim. Plaintiff introduces the affidavit of Sametra Chisolm, the principal of the elementary school at which Plaintiff attempted to gain employment, in support of her claim. This affidavit states that Plaintiff was told, in order to be interviewed, she had to renew her teaching license. (Affidavit [10-1] at ¶ 4.) As a teaching license is a requirement for a teaching job, such a request cannot be said to be discriminatory in nature. Furthermore, the conclusory allegation of retaliation for previously filed EEOC complaints is not enough to state a claim upon which relief can be granted. Therefore, because Plaintiff has failed to state any claim upon which relief can be granted, the Court will **deny** her Motion for Default Judgment [1]. Furthermore, as the Court finds that Plaintiff's Amended Complaint [10] does not state a claim upon which relief can be granted, Plaintiff is given two weeks from the entry of this order to amend her complaint in order to cure her defective pleadings. Failure to adequately amend her complaint will result in her claims being dismissed without prejudice.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment [8] is **denied**. Plaintiff is given two weeks from the date of this order to amend her complaint. Failure to state a claim upon amendment will result in a dismissal of this action without prejudice.

SO ORDERED AND ADJUDGED this 1st day of February, 2016.

                                              *s/ Keith Starrett*
                                     UNITED STATES DISTRICT JUDGE